1

2  JOHN ELLIS (No. 59328)
   Jellis@ellislegal.com
   ELLIS LEGAL P.C.
3  200 West Madison Street, Suite 2670
   Chicago, Illinois 60606
4  Telephone: (312) 967-7629

5  Attorneys for Defendants
   BUZZ FINCO L.L.C.
6  BUZZ BIDCO L.L.C.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF ILLINOIS

10                        WESTERN DIVISION

11

12 | TIMOTHY GARNER, individually and on behalf of | Case No.  _____
   | similarly situated individuals,
13 |                                               | **DEFENDANTS BUZZ FINCO
   |                   Plaintiff,                  | L.L.C. AND BUZZ BIDCO
14 |                                               | L.L.C.'S NOTICE OF REMOVAL**
   |            v.                                 |
15 |                                               | **[28 U.S.C. § 1446(d)]**
   | BUZZ FINCO L.L.C., a Delaware limited liability |
16 | company; BUZZ BIDCO L.L.C., a Delaware        | [Winnebago County Seventeenth
   | limited liability company,                    | Judicial Circuit Court Case No. 2021-
17 |                                               | L-0000307]
   |                   Defendants.                 |
18

19

20 TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN

21 DISTRICT OF ILLINOIS:

22         PLEASE TAKE NOTICE that Defendants Buzz Finco L.L.C. ("Buzz Finco") and

23 Buzz Bidco L.L.C. ("Buzz Bidco") (collectively, "Defendants") hereby remove this action

24 from the Circuit Court for the Seventeenth Judicial Circuit of Illinois, County of

25 Winnebago to the United States District Court for the Northern District of Illinois,

26 pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

27

28

                                      1

DEFENDANTS' NOTICE OF REMOVAL
sf-4619775

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Procedural History and Timeliness of Removal**

1.     On October 21, 2021, Timothy Garner ("Plaintiff"), purportedly on behalf of himself and all similarly situated individuals, filed a civil action in the Seventeenth Circuit Court of Illinois, Winnebago County, entitled *Timothy Garner v. Buzz Finco L.L.C. et al.*, Case No. 2021-L-00000307.  (Ex. 1, Declaration of John Ellis in Support of Defendants' Notice of Removal ("Ellis Decl.") ¶ 2, Ex. A ("Compl.").)

2.     On November 5, 2021, Plaintiff served the complaint upon Defendants' registered agent for service of process.  (Ex. 2, Declaration of Kate Urquiola in Support of Defendants' Notice of Removal ("Urquiola Declaration" or "Urquiola Decl.") ¶ 3.)  A notice of removal is timely if it is filed within 30 days of the defendant's receipt of the pleading.  28 U.S.C. § 1446(b)(1).  Defendants' Notice of Removal is therefore timely.

**Basis for Removal Jurisdiction**

3.     Generally.  The action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), for at least the following reasons.

4.     Covered Class Action.  Plaintiff purports to bring this action on behalf of a class of "[a]ll individuals who had their facial geometry collected, captured, received, or otherwise obtained in Illinois through the Badoo application" (the "Class"), and a subclass of "[a]ll Badoo Class members who had membership profiles on Badoo."  (Compl. ¶ 36.) Plaintiff alleges that "Badoo has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from thousands, if not tens of thousands, of individuals within the Class definition."  (*Id.* ¶ 37.)

5.     This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. §§ 1332(d)(1)(B), 1453(a), (b).

2

6.    Diversity.  The minimal diversity standard of the CAFA is met as long as any defendant is a citizen of a state different from any member of the putative class of plaintiffs.  *Id.* § 1332(d)(2)(A).  As of the date the complaint was filed in the Seventeenth Circuit Court of Illinois, Winnebago County, and as of the date of this removal, Buzz Finco and Buzz Bidco are Delaware corporations.  (Urquiola Decl. ¶ 5; *see* Compl. ¶¶ 11–12.)  Although Buzz Finco and Buzz Bidco both are holding companies, to the extent they conduct any business in the United States, the principal place of business would be Austin, Texas, where each entity's corporate offices and headquarters are located.  (Urquiola Decl. ¶ 5.)  Plaintiff alleges that he is a citizen of Illinois.  (Compl. ¶ 10.)  Accordingly, this action satisfies the diversity requirements of the CAFA.  28 U.S.C. § 1332(d)(2)(A).

7.    Amount in Controversy – Alleged Damages.  This Court has original jurisdiction over a class action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *Id*. § 1332(d)(2).  The claims of the individual class members are aggregated to determine whether the matter in controversy requirement is met.  *Id.* § 1332(d)(6).

8.    Plaintiff claims that Defendants violated Illinois's Biometric Information Privacy Act ("BIPA"), bringing claims under Sections 15(a), (b)(1), (b)(2) and (b)(3).  (Compl. ¶¶ 9, 44–48.)  *See* 740 Ill. Comp. Stat. § 14/1 *et seq*.  He alleges that he uploaded a picture of himself when he created a membership profile on the Badoo app prior to the launch of the Lookalikes feature.  (Compl. ¶¶ 30–31.)  Once Lookalikes was launched, according to Plaintiff, "Badoo scanned Plaintiff Garner's facial geometry in Illinois," and "repeated its scans of Plaintiff's facial geometry with every photo of himself which Plaintiff Garner uploaded in Illinois."  (*Id.* ¶¶ 32–33.)  According to the complaint, Defendants performed these facial geometry scans without adhering to the consent and disclosure requirements of BIPA.  (*Id.* ¶¶ 34–35.)

3

9. Defendants dispute Plaintiff's allegations and dispute that they are liable to Plaintiff or to the putative class.[1] A plain reading of the complaint, however, demonstrates that the amount in controversy exceeds $5,000,000 for purposes of removal.

10. The complaint alleges penalties of $1,000 for each negligent violation of BIPA, $5,000 for each intentional or reckless violation of BIPA (*see* 740 Ill. Comp. Stat. § 14/20), injunctive relief, and attorneys' fees. (Compl. ¶¶ 49, 51.) Plaintiff alleges that whenever "Plaintiff and the Class members had their photographs uploaded to the Badoo website or dating app, the app and/or integrated technology scanned the facial geometries of Plaintiff and the Class members" without complying with BIPA's consent and disclosure requirements. (*Id.* ¶¶ 28–29, 43–47.) Plaintiff also alleges that Badoo has over "500 million users worldwide," of which "several thousand are in Illinois." (*Id.* ¶¶ 1–2.)

11. As demonstrated by the attached Urquiola Declaration, in the time period during which Lookalikes was available on the Badoo app, over 5,010 unique Badoo users are associated with registrations in Illinois. (Urquiola Decl. ¶ 4.) Plaintiff seeks damages of $5,000 for each alleged violation, based on allegations that Defendants' BIPA violations purportedly were "knowing and willful," or "at least in reckless disregard of the statutory requirements" (Compl. ¶ 50.) In the alternative, Plaintiff claims "Defendants negligently failed to comply with BIPA," which—if proven—could trigger damages of $1,000 for each alleged violation. (Compl. ¶ 50.) Under Plaintiff's theory that either $1,000 or $5,000 should be awarded to each of the putative class members, the amount in controversy for the claims of the purported class during the relevant period exceeds $5,000,000.

12. Amount in Controversy – Attorneys' Fees. Plaintiffs also seek an award of attorneys' fees. (*Id.* ¶ 51.) While Defendants dispute that any attorneys' fees are

---

[1] Defendants specifically reserve all rights to challenge the complaint on all available grounds, including that Plaintiff improperly named Buzz Finco and Buzz Bidco as defendants in this action.

4

1    recoverable, this amount should be included in determining the amount in controversy.

2    *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014);

3    *Domingo v. Prudential Ins. Co. of Am.*, No. 19-cv-02566, 2020 WL 6545059, at *12

4    (N.D. Ill. Nov. 6, 2020).

5        13.    No CAFA Exclusions.  It is Plaintiff's burden to show that this action falls

6    within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and he

7    has not done so.  *See Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th

8    Cir. 2006).  Regardless, no exclusion applies, as neither Defendant is a citizen of Illinois.

9    28 U.S.C. § 1332(d).

10                              **Notice to State Court**

11        14.    A copy of this Notice of Removal was filed with the Clerk of the

12   Seventeenth Circuit Court of Illinois, Winnebago County.  (*See* Ex. 1, Ellis Decl. ¶ 3, Ex.

13   B, attaching without exhibits the state court removal notice.)

14                            **Intradistrict Assignment**

15        15.    Assignment of this action to the Western Division of the United States

16   District Court for the Northern District of Illinois is appropriate because this action was

17   originally filed in the Seventeenth Circuit Court of Illinois, Winnebago County.

18        Accordingly, Defendants respectfully submit that this action is removed properly

19   pursuant to the Class Action Fairness Act.

20

21   Dated:      December 3, 2021          JOHN C. ELLIS
22                                         ELLIS LEGAL P.C.

23

24                                         By:  /s/ John C. Ellis
                                               John Ellis

25
                                               Attorneys for Defendants
26                                             BUZZ FINCO L.L.C.
                                               BUZZ BIDCO L.L.C.
27

28

                                        5

DEFENDANTS' NOTICE OF REMOVAL
sf-4619775