1
2
3
4

JOHN ELLIS (No. 59328)
Jellis@ellislegal.com
ELLIS LEGAL P.C.
200 West Madison Street, Suite 2670
Chicago, Illinois 60606
Telephone: (312) 967-7629

5
6

Attorneys for Defendants
BUZZ FINCO L.L.C.
BUZZ BIDCO L.L.C.

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF ILLINOIS

10

WESTERN DIVISION

11

12
13

TIMOTHY GARNER, individually and on behalf of similarly situated individuals,

Plaintiff,

14

v.

15

16
17

BUZZ FINCO L.L.C., a Delaware limited liability company; BUZZ BIDCO L.L.C., a Delaware limited liability company,

18

Defendants.

Case No. _____

**DECLARATION OF JOHN ELLIS IN SUPPORT OF DEFENDANTS BUZZ FINCO L.L.C. AND BUZZ BIDCO L.L.C.'S NOTICE OF REMOVAL**

[Winnebago County Seventeenth Judicial Circuit Court Case No. 2021-L-0000307]

19

20

I, John Ellis, hereby declare as follows:

21

1.      I am a member of the Bar of the State of Illinois and owner of law firm of

22

Ellis Legal P.C., counsel of record for Defendants Buzz Finco LL.C. and Buzz Bidco

23

L.L.C. (collectively, "Defendants") in the above-captioned action. I have personal

24

knowledge of the matters set forth below and, if called upon to do so, I could and would

25

testify competently thereto.

26

2.      Attached to this Declaration as **Exhibit A** is a true and correct copy of the

27

civil action filed by Plaintiff Timothy Garner, purportedly on behalf of himself and all

28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

similarly situated individuals, in the Seventeenth Circuit Court of Illinois, Winnebago County, entitled *Timothy Garner v. Buzz Finco L.L.C. et al.*, Case No 2021-L-0000307.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Notice of Removal (without exhibits) that was filed in the Seventeenth Circuit Court of Illinois, Winnebago County.

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct.

Executed this 3rd day of December, 2021 in Chicago, Illinois.


 _/s/ John C. Ellis_

DECLARATION OF JOHN ELLIS ISO DEFENDANTS' NOTICE OF REMOVAL

Exhibit A

CC-45 V4

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

**Timothy Garner, indiv. and for a class**
Plaintiff

**vs.**                                   Case No. **2021-L-0000307**

**Buzz Finco L.L.C.; Buzz BidCo L.L.C.**
Defendant

Service to be made
to: **Buzz Finco L.L.C. c/o Intertrust Corporate Services Delaware LTD.**

**200 Bellevue Parkway Suite 210**

**Wilmington, DE 19809**

**SUMMONS**

Virtual Meeting Scheduled
Meeting ID #  848 2994 9543
Virtual Meeting by Computer: Zoom.us
Virtual Meeting by Phone:
312-626-6799 / 646-558-8656 / 346-248-7799
Instructions at https://tinyurl.com/virtualcourt17

**TO THE DEFENDANT** Buzz Finco L.L.C. ,

**YOU ARE HEREBY SUMMONED** and required to file an Answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your Appearance in the Office of the Clerk of this Court, Winnebago County Courthouse, 400 West State St., room 108, Rockford, Illinois, **within 30 days after service of this summons**, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED FOR IN THE COMPLAINT.

## THIS CASE IS SET FOR A CASE MANAGEMENT CONFERENCE ON
**January 26, 2022; 9:30 a.m.; Courtroom 426**
Date / Time / Courtroom

**FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.
**This summons may not be served later than thirty (30) days after its issuance.**

Plaintiff's Attorney or Plaintiff,

Name: **Timothy P. Kingsbury (ARDC #6329936)**

Attorney for: **Plaintiff**

Address: **McGuire Law, P.C. 55 W. Wacker Dr., 9th Fl.**

City/State/Zip: **Chicago, IL 60601**

Telephone No: **312-893-7002**

DATE: _____ 11/3/2021 _____

Thomas A. Klein, Clerk of Court

BY: _____ JP _____
Deputy Clerk

Electronically Issued Document ID: _____

Date of Service _____, 20 _____
(To be inserted by officer on copy left with defendant or other person)

**Attention:**
E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional, help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

If you have a disability that requires an accommodation to participate in court, please contact the
Court Disability Coordinator at 815-319-4806.

**ELECTRONICALLY FILED**
DOC ID: 15307106
CASE NO: 2021-L-0000307
DATE: 10/21/2021 11:51 PM
BY: A H, DEPUTY

### IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### WINNEBAGO COUNTY, ILLINOIS

| | |
|---|---|
| TIMOTHY GARNER, individually and on behalf of similarly situated individuals, ) ) ) | |
| *Plaintiff*, ) ) | No.   2021-L-0000307 |
| v. ) ) | Hon. |
| BUZZ FINCO L.L.C., a Delaware limited liability company; BUZZ BIDCO L.L.C., a Delaware limited liability company, ) ) ) ) | **Jury Trial Demanded** |
| *Defendants.* ) | |

### CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Timothy Garner brings this Class Action Complaint against Defendants Buzz Finco L.L.C. and Buzz Bidco L.L.C. ("Defendants" or "Badoo") for violating the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq* ("BIPA") with respect to their Badoo dating service. Plaintiff alleges the following upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including ian nvestigation conducted by his attorneys:

### NATURE OF THE ACTION

1.      Defendants own and operate a dating service known as "Badoo," the world's largest dating app. Founded in 2006 by Russian entrepreneur and billionaire Andrey Andreev, it has over 500 *million* users worldwide.

2.      Of those half a billion users, several thousand are in Illinois, where it has been illegal since 2008 to collect an individual's biometric information or identifier—such as a a fingerprint, voiceprint, or scan of facial geomtry—without the individual's informed, written consent. 740 ILCS 14/15(b).

1

3.      The Illinois legislature was clear in its reasoning for prohibiting that collection in enacting the Biometric Information Privacy Act ("BIPA"). "Major national corporations ha[d] selected the City of Chicago and other locations in this State as pilot testing sites for new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Further, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," in that "once compromised, the individual has no recourse, is at heightened risk of identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/15(c). This is why BIPA provides that an entity cannot collect, obtain, or possess an individual's biometrics without: 1) informing that person in writing that biometrics will be collected, *id.*; 2) informing that person in writing of the specific purpose and length of time for which the biometric data is being collected, stored, and used, *id.*; 3) receiving a written release from the person for the collection of his or her biometric identifiers or information*, id.* and 4) making publicly available a written retention schedule and guidelines for permanently destroying biometric identifiders and biometric information. 740 ILCS 14/15(a).

4.      Despite the substantial risks incumbent with collecting such data, and the decade-old prohibition on collecting it without consent, Badoo capitalized on Illinoisans' biometric data from 2017 to 2020 through the use of its "Lookalikes" feature, which scanned the facial geometry of any person in a photo uploaded to Badoo's dating app or website—whether it belonged to the user or not—in order to allow users the ability to search for potential partners that looked similar to the uploaded photos.

5.      Put simply, Badoo collected scans of the facial geometry of every person who appeared in any photo on the Badoo app or website so users could find and date people who looked like them.  Or celebrities.  Or ex-boyfriends, girlfriends, friends, enemies, and significant others.

6.      A faceprint is highly detailed geometric map of a face, rendered using sophisticated facial recognition technology that analyzes data from the points and contours of faces appearing in photos uploaded by users.  Each scan of face geometry is unique to a particular individual in the same way that fingerprints and voiceprints identify one and only one person.

7.      Badoo bragged about its practices without ever obtaining express written consent from its users, and made no effort to obtain consent from the innocents whose biometric data was collected so users could find partners who looked like them.

8.      Badoo's systemic privacy intrusion is plainly unlawful in Illinois.

**9.**      Plaintiff brings this Complaint seeking an order (i) declaring that Badoo's conduct violated BIPA, (ii) requiring that Badoo destroy the biometric data it unlawfully collected, and (iii) awarding Plaintiff and the Class statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

10.      Plaintiff Timothy Garner is a natural person and a citizen of the State of Illinois, residing in Winnebago County.

11.      Defendant Buzz Finco L.L.C. is a limited liability company incorporated in Delaware that owns and operates the Badoo dating application.

12.      Defendant Buzz Bidco L.L.C. is a limited liability company incorporated in Delaware that owns Buzz Finco L.L.C.

## JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants conduct business transactions in Illinois, have committed tortious acts in Illinois, sell their products in Illinois, and because Plaintiff's claims arise out of Defendants' unlawful in-state actions.

14.     Venue is proper in Winnebago County under 735 ILCS 5/2-101 because Defendants are doing business in Winnebago County and thus reside there under § 2-102, and the causes of action pleaded herein arose in substantial part in Winnebago County.  Specifically, Defendants' capture of Plaintiffs' facial biometrics took place in Winnebago County.

## COMMON FACTUAL ALLEGATIONS
### *The Illinois Biometric Information Privacy Act*

15.     Illinois enacted BIPA in 2008.

16.     BIPA regulates two types of biometric data.  First, BIPA regulates any "biometric identifier," which means "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and specifically excludes a lengthy list of identifiers outside that scope.  740 ILCS 14/10.   Second, it regulates any "biometric information," which "means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.*

17.     BIPA regulates the entire lifecycle of biometric data, from capture and collection to use and disclosure.

18.     As to the origination of biometric data, BIPA provides that "[n]o private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's

legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 714 ILCS 14/15(b).

19.     BIPA likewise restricts the disclosure of biometric data, providing that "[n]o private entity in possession of a biometric identifier or biometric information may disclose, redisclose, or otherwise disseminate a person's or a customer's biometric identifier or biometric information unless: (1) the subject of the biometric identifier or biometric information or the subject's legally authorized representative consents to the disclosure or redisclosure; (2) the disclosure or redisclosure completes a financial transaction requested or authorized by the subject of the biometric identifier or biometric information or the subject's legally authorized representative; (3) the disclosure or redisclosure is required by State or federal law or municipal ordinance; or (4) the disclosure is required pursuant to a valid warrant or subpoena issued by a court of competent jurisdiction." 740 ILCS 14/15(d).

20.     When it comes to exploiting biometric data, BIPA creates even stricter proscriptions. Reflecting an intent to preclude the formation of a market for biometric data, BIPA provides without exception that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15/(c).

21.     BIPA also requires that any private entity in possession of biometric identifiers or information must publish a written policy "establishing a retention schedule and guidelines for

permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

22.     Finally, given the persistent nature of biometric data and the increased risks that accompany their misuse, BIPA requires that any entity possessing biometric identifiers or information "(1) store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry; and (2) store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." 740 ILCS 14/15(e).

23.     To remedy the serious but often intangible harms that accompany invasions of biometric privacy rights, BIPA also includes a private right of action authorizing "[a]ny person aggrieved by a violation of" the statute to sue and recover for each violation liquidated damages of $1,000, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief. 740 ILCS 14/20.

### Defendants' Wanton Violation of Illinois Privacy Law

24.     Defendants spent years capitalizing on the facial geometry of Badoo users and anyone a user happened to include in a photograph uploaded to Badoo.

25.     Launched in 2017, Lookalikes is a feature of the Badoo dating platform that allowed users to search for users who look like celebrities using Badoo's facial recognition technology.

26.     By connecting a Facebook account, users could also find partners that look like people they know, through Badoo running facial recognition scans against the user's Facebook friends, capturing the biometric data of people who had never even heard of Badoo.[1]

27.     As Badoo explained on its website:

Lookalikes is one feature of the site which is primarily designed to allow you to find people who look similar to celebrities, friends or even you! The feature will return photos of people who look like the person you searched for and who are existing members of Badoo. After using the feature you will be invited to create a Badoo account so that you can contact these "lookalikes" and possibly meet (only if they agree of course!).[2]

28.     Though Badoo asked users to tell people when a photo would be uploaded with their image on it, Badoo took no action to obtain written consent from *anyone* before using using the faceprints it captured, in violation of 740 ILCS 14/15(b)(3). In fact, in listing the types of information it collects and its bases for using them, Badoo collected "[p]hotos and faceprint[s]" solely for its "[l]egitimate interests – it is in our legitimate interests to provide this functionality."[3] Contrast this with other data, such as "[o]ptional information that you choose to provide," which was obtained through "[c]onsent."[4]

29.     Not only did Badoo fail to make publicly available any biometric retention and destruction schedule, but it also failed to obtain informed, written consent prior to the collection, use, and disclosure of *anyone's* biometric identifiers, Badoo user or not.

---

[1] Paul, Kari, *Dating app Badoo launches 'Lookalike' feature which lets singletons find lovers who look like their fave A-list celebs*, The Sun, July 20, 2017, https://www.thesun.co.uk/tech/4059906/dating-app-badoo-launches-lookalike-feature-which-lets-singletons-find-lovers-who-look-like-their-fave-a-list-celebs/ (last accessed Oct. 20, 2021).

[2] *Privacy Policy,* BADOO, archived Feb. 11, 2020, https://web.archive.org/web/20190630213128/https://badoo.com/privacy (last accessed Oct. 20, 2021).

[3] *Id.*

[4] *Id.*

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF GARNER

30.     Plaintiff Timothy Garner downloaded and registered with the Badoo app prior to its launch of the Lookalikes feature in 2017.

31.     As part of creating a membership profile for Badoo, Plaintiff Garner uploaded a picture of himself.

32.     When it launched its Lookalikes feature, Badoo scanned Plaintiff Garner's facial geometry in Illinois without his prior written consent.

33.     Badoo repeated its scans of Plaintiff's facial geometry with every photo of himself which Plaintiff Garner uploaded in Illinois.

34.     Badoo has never made publicly available a written retention schedule specifying the period for which it would retain Plaintiff's faceprint.

35.     Badoo has never never informed Plaintiff of the purposes for which it was collecting his facial biometric data, or the length of term for which Badoo would retain it, nor did Badoo receive a written release from Plaintiff authorizing the capture, collection, or disclosure of his unique facial geometry.

## CLASS ALLEGATIONS

36.     Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of himself and the following class and subclass (collectively, the "Class"):

**Badoo Class:** All individuals who had their facial geometry collected, captured, received, or otherwise obtained in Illinois through the Badoo application.

**Member Subclass**: All Badoo Class members who had membership profiles on Badoo.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest

and their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

37.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable.  Badoo has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from thousands, if not tens of thousands, of individuals within the Class definition.  Members of the Class can be identified through Defendants' records.

38.     **Commonality and Predominance**: Questions of law and fact common to the claims of Plaintiff and the Class predominate over any questions that may affect individual members.  Those common questions include:

a.     Whether Badoo collected or captured the Class members' biometric identifiers or information;

b.     Whether Badoo maintained a publicly available retention schedule for biometric identifiers or information;

c.     Whether Badoo informed the Class members that they would collect or capture the Class members' biometric identifiers or information;

d.     Whether Badoo informed the Class members of the purpose for which they would collect their biometric identifiers or information, or the duration for which they would retain that data;

e.     Whether Defendants obtained the written release required by BIPA to collect or capture, use, and store the Class members' biometric identifiers or information;

f.     Whether Badoo profited from the Class members' biometric identifiers or information; and

g.     Whether Defendants' actions in collecting and possessing the Class members' BIPA violations through their Badoo dating application were intentional, reckless, or merely negligent.

9

39.     **Fair and Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained competent counsel experienced in complex litigation and class actions under BIPA specifically.  Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class members and have the resources to do so.

40.     **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, and joinder of the Class members is otherwise impracticable.  The damages suffered by the individual Class members are small relative to the burden and cost of individual litigation, and individual litigation is therefore infeasible.  Even if Class members could sustain individual litigation, it would increase the delay and expense to all parties relative to a class action because of the complex factual issues raised by this Complaint.  A class action presents fewer manageability difficulties and provides economies of scale and uniformity of decisions.

<u>**COUNT I**</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq***
**(On Behalf of Plaintiff, the Badoo Class, and the Member Subclass)**

41.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42.     Defendants are "private entities" under 740 ILCS 14/10.

43.     When Plaintiff and the Class members had their photographs uploaded to the Badoo website or dating app, the app and/or integrated technology scanned the facial geometries of Plaintiff and the Class members.  Those scans mapped the geometry of Plaintiff's and the Class members' faces, and Defendants, through their Badoo app, used that geometry to identify them and compare them with photographs of other individuals to look for facial similarities.  Defendants

therefore collected, captured, otherwise obtained , and possessed Plaintiff's and the Class members' biometric identifiers and biometric information.

44.     Despite possessing Plaintiff's and Class members' biometric identifiers in the form of scans of their facial geometries, Defendants have never made publicly available any biometric retention and destruction schedule, in violation of 740 ILCS 14/15(a).

45.     Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Defendants did not inform Plaintiff or the Class members or their legally authorized representatives that their biometric identifiers and information would be collected or stored, in violation of 740 ILCS 14/15(b)(1).

46.     Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Defendants did not inform Plaintiff or the Class members or their legally authorized representatives of the specific purpose and length of term for which their biometric identifiers and information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2).

47.     Prior to collecting, capturing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information, Defendants did not receive a written release from Plaintiff and the Class members or their legally authorized representatives authorizing the collection, capture, receipt through trade, or other obtainment and use of their biometric identifiers or information, in violation of 740 ILCS 14/15(b)(3).

48.     By capturing and collecting, storing, and using Plaintiff's and the Class members' biometric identifiers and information as described herein, Badoo violated Plaintiff's and the Class members' privacy rights under BIPA.

49.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

50.     Defendants' violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

51.     Accordingly, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an order:

a.     Certifying the Class and Subclass defined above, appointing Plaintiff as representative of the Class and Subclass, and appointing the undersigned as Class Counsel;

b.     Declaring that Defendants' actions, as described above, violate BIPA;

c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d.     Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.     Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.     Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.      Awarding pre- and post-judgment interest, as allowable by law; and

h.      Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Date: October 21, 2021                           TIMOTHY GARNER, individually and
                                                 on behalf of similarly situated individuals

                                      By:        /s/ Timothy P. Kingsbury
                                                 *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Brendan Duffner (ARDC #6332635)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
bduffner@mcgpc.com

*Counsel for Plaintiff and the putative Class*

**ELECTRONICALLY FILED**
DOC ID: 15307106
CASE NO: 2021-L-0000307
DATE: 10/21/2021 4:54 PM
BY: A H, DEPUTY

### STATE OF ILLINOIS
### IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

Timothy Garner, indiv. and for a class
Plaintiff

        Vs

Buzz Finco L.L.C.; Buzz Bidco L.L.C.
Defendant

2021-L-0000307

CASE NO. _____

FILE STAMP

### JURY DEMAND

The ☒ Plaintiff / ☐ Defendant  Timothy Garner_____

in the above entitled case demands a jury for the trial of said cause.

☒  **Attorney Name** Timothy P. Kingsbury_____ ARDC No. 6329936_____

Firm Name McGuire Law, P.C._____

Address  55 W. Wacker Dr., 9th Fl._____

City/State/Zip Chicago, IL 60601_____

Phone No. (312) 893-7002_____ Facsimile Telephone No. _____

Email Address tkingsbury@mcgpc.com_____

☐  **Pro Se Name (representing myself)** _____

Address _____

City/State/Zip _____

Phone No. _____ Facsimile Telephone No. _____

Email Address _____

Dated:  10/21/2021_____    Signature: _____

### YOU MUST SEND COPIES OF THIS AND ANY OTHER DOCUMENT FILED TO
### OPPOSING PARTY/ATTORNEY OF RECORD

Exhibit B

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

TIMOTHY GARNER, individually and on    )
behalf of similarly situated individuals,    )
    )
           Plaintiffs,    )    Case No. 21-L-0000307
    )
v.    )
    )
BUZZ FINCO L.L.C. a Delaware limited    )
liability company; BUZZ BIDCO L.L.C.    )
GAMING CORPORATION, a Delaware limited    )
liability company    )
    )
           Defendants.    )

## NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

Please take notice that Defendants Buzz Finco L.L.C. and Buzz Bidco L.L.C.

("Defendants"), have, on December 3, 2021, filed a Notice of Removal with the Clerk of the

United States District for the Northern District of Illinois, to remove the above-referenced cause,

No. 19-L-0000307, from the Circuit Court of Winnebago County to the United States District

Court for the Northern District of Illinois.  A copy of Defendants' Notice of Removal is attached

hereto and marked as "Exhibit A."

Dated:  December 3, 2021           Respectfully submitted,

                                    By: /s/ John C. Ellis
                                       Attorney for Defendants

John C. Ellis
Ellis Legal P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on December 3, 2021, a true and correct copy of the foregoing document was served via email, upon the following:

Timothy P. Kingsbury
Brendan Duffner
**MCGUIRE LAW, P.C.**
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
tkingsbury@mcgpc.com
bduffner@mcgpc.com


/s/ John C. Ellis_____
Attorney for Defendants


John C. Ellis
ELLIS LEGAL P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 976-7629
jellis@ellislegal.com